UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gentleman Marshall as AGENT obo His Granted Federal Franchise MARSHALL PFEIFFER Known as #222703407-g38455581,<br><br>                          Plaintiff,<br><br>v.<br>GENERAL MOTORS/ CORPORATION SERVICE COMPANY; ALLY FINANCIAL INC/ CORPORATION SERVICE COMPANY; FEDERAL HOME LOAN MORTGAGE CORPORATION/AGENT; THE BANK OF NEW YORK MELLON CORPORATION/AGENT; NEW PENN FINANCIAL LLC D/B/A/SHELLPOINT MORTGAGE SERVICING LLC; QUALITY LOAN SERVICE CORPORATION,<br><br>                          Defendants. | Case No.: 18-CV-2551-GPC-JLB<br><br>**ORDER**<br><br>**(1) DENYING AS MOOT PLAINTIFF'S MOTION TO ADD DEFENDANTS [ECF No. 28];**<br><br>**(2) DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS [ECF Nos. 21, 23, 24];**<br><br>**(3) CONTINUING THE HEARING SET FOR PLAINTIFF'S EX PARTE EMERGENCY MOTION TO SET ASIDE ALLEGED SALE [ECF No. 13.]** |

## **INTRODUCTION**

Before the Court is pro se Plaintiff Marshall Pfeiffer's ("Plaintiff's") November 29,

2018 Motion[1] to Add Defendants (alternatively titled Motion to Amend Complaint to Add Parties) (ECF No. 28.) Plaintiff seeks leave to add three additional defendants to his original complaint, filed on November 7, 2018 (ECF No. 1). The allegations against these newly-identified defendants appear to be similar to, and derived from, the allegations against the defendants named in Plaintiff's original complaint. Both sets of claims challenge the defendants' conduct with respect to the servicing and the origination of a home mortgage loan he obtained in 2008, which property has been foreclosed upon and sold at public auction on November 9, 2018.

After the foreclosure sale, Plaintiff submitted an ex parte motion to set aside the sale, which was noticed for hearing on December 20, 2018. (ECF No. 13.) Thereafter, before the instant motion was publicly filed to the docket, the defendants named in the original complaint filed motions to dismiss. (*See* ECF No. 21 (Motion to dismiss by Federal Home Loan Mortgage Corporation, New Penn Financial LLC., New Residential Investment Corp, the Bank of New York Mellon Corporation); ECF No. 23 (Motion to dismiss by Quality Loan Service Corporation); ECF No. 24 (Motion to dismiss by Ally Financial Inc.)). The three pending motions to dismiss were noticed for hearing on February 1, 2019.

## DISCUSSION

### A. Motion for Leave to Amend Complaint

Under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course within 21 days after service. Fed. R. Civ. P. 15(a)(1)(A). The summons returned executed with respect to Plaintiff's original complaint indicate that Plaintiff effected service on the original defendants on November 8, and November 9, 2018. (*See* ECF Nos. 5, 6, 7, 8, 9, 10.) Because Plaintiff's November 29, 2018 motion for leave to amend was filed within 21 days of service, "Plaintiff may file an amended complaint as a matter of course and without leave of Court." *Doering v. Arpaio*,

---

[1] Because of the improper format of Plaintiff's submission, his motion was processed as a discrepancy by the Clerk's office and not registered publicly on the docket until December 5, 2018. It has been dated nunc pro tunc to the date of filing, November 29, 2018.

No. CV-09-1559-PHX-DGC, 2009 WL 3711497, at *1 (D. Ariz. Nov. 3, 2009). As such, there was no need for Plaintiff to seek leave of Court to file an amended complaint; the motion to amend is denied as **moot**.

It is significant to note that Plaintiff's motion for leave to amend did not come with a complete version of his proposed amended complaint. The local rules require that

> Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading. If the court grants the motion, the moving party must file and serve the amended pleading.

CivLR 15.1(b).[2] Plaintiff has not complied with Rule 15.1(b); he has only provided the Court with the proposed additional content he hopes to add in the event that his motion for leave is granted. What is missing is an amended complaint containing both Plaintiff's original pleadings, as well as his proposed additions. Accordingly, if Plaintiff wishes to take advantage of his right to amend, **he must, in accordance with Local Rule 15.1(b), file an amended complaint that is complete in itself, without reference to the original complaint, no later than December 21, 2018**. Any amended complaint must also be served on the defendants named therein. Failure to abide by these instructions will result in this action proceeding solely on the basis of the original complaint.

**B. Effect of Amendment on Pending Motions to Dismiss**

"As a general rule, an amended complaint supersedes a prior complaint." *Gallagher v. Scottsdale Unified Sch. Dist.*, No. CV-08-1173-PHX-FJM, 2008 WL 4080354, at *1 (D. Ariz. Sept. 2, 2008). Therefore, the pending motions to dismiss will be rendered **moot**. *See id.* ("[D]efendants' motion to dismiss is rendered moot because this action is now proceeding on plaintiff's amended complaint."). The motion hearings set for February 1, 2019 are accordingly **vacated.**

---

[2] A copy of the local rules may be accessed here:
https://www.casd.uscourts.gov/Rules/SiteAssets/SitePages/LocalRules/Local%20Rules%202018.pdf

### C. Continuing Hearing Date on Plaintiff's Motion to Set Aside Foreclosure

Further, in recognition of the fact that Plaintiff's ex parte motion (ECF No. 13) depends significantly on the allegations and materials supplied through his original complaint, and in light of Plaintiff's new deadline on his amended complaint, the Court deems it proper to **continue** the motion hearing previously set for the ex parte motion from December 20, 2018, to **February 1, 2019**.

### D. Litigation responsibilities

Plaintiff is reminded, with respect to any amended complaint soon to be filed, and with respect to any future filings with the Court, that he must abide by the Federal Rules of Civil Procedure and this jurisdiction's Local Rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office, or viewed through the website link provided in footnote 1 of this Order.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought. FED.R.CIV.P. 8(a) (1)-(3). These pleading requirements shall be set forth in separate and discrete paragraphs. Each paragraph "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). The amended complaint must give each Defendant fair notice of Plaintiff's claim and "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding

instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (citing FED.R.CIV.P. 8(a)(2)).

Plaintiff is further advised that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice. *See* FED.R.CIV.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (district court did not err in dismissing pro se civil rights action for failure to comply with a local rule); *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002) (district court did not err in dismissing pro se action for failure to comply with a court order).

## CONCLUSION

Based on the foregoing, the Court will:

- **DENY as moot** Plaintiff's motion for leave to amend (ECF No. 28.);
- **DIRECT** Plaintiff to file his amended complaint no later than December 21, 2018;
- **DENY as moot** Defendants' motions to dismiss (ECF Nos. 21, 23, 24), and **VACATE** the motion hearing previously set for February 1, 2019 as to the same;
- **CONTINUE** the motion hearing date set for Plaintiff's ex parte motion to set aside alleged sale to **February 1, 2019** (ECF No. 13).

**IT IS SO ORDERED.**

Dated: December 6, 2018

Hon. Gonzalo P. Curiel
United States District Judge