UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gentleman Marshall as AGENT obo His Granted Federal Franchise MARSHALL PFEIFFER Known as #222703407-g38455581,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS/ CORPORATION SERVICE COMPANY; ALLY FINANCIAL INC/ CORPORATION SERVICE COMPANY; FEDERAL HOME LOAN MORTGAGE CORPORATION/AGENT; THE BANK OF NEW YORK MELLON CORPORATION/AGENT; NEWREZ LLC F/K/A NEW PENN FINANCIAL, LLC, D/B/A/SHELLPOINT MORTGAGE SERVICING LLC; QUALITY LOAN SERVICE CORPORATION,<br><br>Defendants. | Case No.: 18-CV-2551-GPC-JLB<br><br>**ORDER**<br><br>**(1) GRANTING MOTIONS TO DISMISS [ECF Nos. 36, 37, 38, 40, 42];**<br><br>**(2) DENYING EX PARTE MOTION TO SET ASIDE ALLEGED SALE [ECF No. 13].** |

## **INTRODUCTION**

The present litigation arises out of a loan obtained by pro se Plaintiff Marshall

Pfeiffer ("Plaintiff"), secured by a Deed of Trust on his property, located in El Cajon, California. The several motions pending before the Court all relate to Plaintiff's underlying complaint.

Plaintiff filed a First Amended Complaint ("FAC") against the above-captioned defendants ("Defendants") alleging that Defendants unlawfully initiated foreclosure proceedings against Plaintiff. (ECF No. 33.) The parties have very different ideas of how the allegations in the FAC are to be resolved. Plaintiff, in his Ex Parte Emergency Motion to Set Aside Alleged Sale (a motion that mirrors many of the allegations contained in the FAC), asks the Court to set aside the foreclosure sale. (ECF No. 13.) Defendants, on the other hand, have filed five separate motions to dismiss the FAC on various grounds. General Motors filed a motion to dismiss on December 28, 2018 (ECF No. 36); Magnum Property Investments LLC ("Magnum") and Strategic Acquisitions, Inc. ("Strategic Acquisitions") filed a motion on January, 2, 2019 (ECF No. 38); Ally Financial Inc. ("Ally") filed a motion to dismiss on January 2, 2019 (ECF No. 39); Federal Home Loan Mortgage Corporation, NewRez LLC, New Residential Investment Corp., the Bank of New York Mellon Corporation filed a motion to dismiss on January 7, 2019 (ECF No. 40), and Quality Loan Service Corporation ("Quality Loan") followed suit on January 8, 2019 (ECF No. 42).

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds the foregoing motions suitable for adjudication without oral argument. For the reasons explained below, Defendants' motions to dismiss will be **granted**, and Plaintiff's ex parte motion to set aside will be **denied**.

**I. Background**

**A. Factual History**

On January 8, 2008, Plaintiff obtained a $475,000.00 Promissory Note (the "Loan") (ECF No. 33, at 5), from Homecomings Financial, LLC, secured by a Deed of Trust in Plaintiff's property at 4382-4384 Mississippi Street, El Cajon, California 92104. (ECF No.

40-3.)[1]  This Loan was recorded on January 11, 2008.  The Deed of Trust listed Chicago Title as Trustee and identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary for the lender and lender's successors and assigns.  (*Id.*)

After origination, the Deed of Trust was assigned five times: (1) on March 8, 2011, MERS assigned the DOT to GMAC Mortgage, LLC ("GMAC") (ECF No. 40-4); (2) on July 17, 2013, GMAC assigned the DOT to Ocwen Loan Servicing (ECF No. 40-6); (3) on September 14, 2015, Ocwen assigned the DOT to Residential Credit Solutions Inc. (ECF No. 40-7); (4) on October 10, 2016, Residential Credit Solutions Inc. assigned the DOT to Ditech Financial LLC (ECF No. 40-8); (5) on November 13, 2017, Ditech Financial LLC assigned the DOT to NewRez (ECF No. 40-9).  During this period, the identity of the Trustee also changed several times.  On April 26, 2011, GMAC substituted CAL-Western Reconveyance Corporation as Trustee.  (ECF No. 40-5.)   Thereafter, on June 28, 2018, NewRez substituted Quality Loan.  (ECF No. 40-10.)

At some point in 2012, Plaintiff stopped paying his monthly payments under the Loan.  (ECF No. 33, at 37 (referring to default in April 2012); ECF No. 37-1, at 43 (referring to default in August 2012).)  Plaintiff's default persisted for approximately six

---

[1]  Pursuant to Federal Rule of Evidence 201, Defendants have moved the Court to take judicial notice of various documents related to Plaintiff's claims.  The documents include the Deed of Trust executed by Plaintiff, several assignments of the Deed of Trust, two Substitution of Trustees under the Deed of Trust, a Notice of Default, and an Election to Sell Under Deed of Trust.  All of these documents have been recorded in the Official Records of the San Diego County Recorder's Office.  Plaintiff has also proffered documents, like the Notice of Trustee's sale, evidencing the initiation of foreclosure proceedings by Quality Loan.
    The Court will grant the requests for judicial notice.  Courts routinely take judicial notice of deeds of trust, notice of trustee's sales, substitutions of trustee, and other foreclosure-related documents.  *See Fimbres v. Chapel Mort. Corp.*, No. 09-CV-0886-IEG (POR), 2009 WL 4163332, at *3 (S.D. Cal. Nov. 20, 2009) (taking judicial notice of trust, notice of default, notice of trustee's sale, assignment of deed of trust, and substitution of trustee); *see also Gerard v. Wells Fargo Bank, N.A.*, No. CV1403935MMMSHX, 2014 WL 12599606, at *2 (C. D. Cal. Sept. 11, 2014) (taking judicial notice of grant deeds, a deed of trust, notice of trustee's sale).  The Court's acknowledgment of these documents does not change the nature of the present proceedings, as courts are permitted to "consider certain materials—documents attached to the complaint, documents incorporate by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

years, until June 28, 2018, when Quality Loan, acting as Trustee for NewRez, recorded a Notice of Default and Election to Sell Under Deed of Trust (ECF No. 37-1, at 42.) Thereafter, on October 8, 2018, Quality Loan recorded a Notice of Trustee's Sale indicating that Plaintiff had been in arrears in the amount of $257,460.73. (ECF No. 40-12.)[2] The foreclosure sale took place on November 9, 2018, when Plaintiff's property was sold to Magnum. (ECF No. 13, at 20.)

### B. Procedural Background

Plaintiff's FAC and ex parte motion rest on the similar arguments. Both contest the validity of the foreclosure sale and request injunctive and declaratory relief. Although Plaintiff invokes many different statutes and common law prohibitions, such as the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, it is clear from his request to set aside the foreclosure sale that Plaintiff's unifying theory of liability sounds in wrongful foreclosure.

Specifically, Plaintiff alleges that various communications with the Defendants between August 30, 2013 until present have revealed a fraudulent chain of transfers of the promissory Note. He also alleges that the Note became separated from the Deed of Trust, and that, as a result of the aforementioned defects, NewRez had no authority to foreclose on his property because it was not the true beneficiary. (ECF No. 13, at 22, at 42.) Plaintiff further asserts that Defendants have foisted his attempts to ascertain the true Note Holder at every turn, and that the copies of the Note they have sent to him were ineffective and invalid because some of the transfers detailed therein were not specifically endorsed to any party. (ECF No. 33-1, at 8, 17.) Plaintiff urges the Court to hold Defendants' feet to the fire and compel them to reveal "verifiable" evidence that they have physical possession of

---

[2] A significantly different sum was stated in the Notice of Trustee's Sale, which indicates that the amount of unpaid balance and other charges amounted to $672, 213.10. (ECF No. 37-1, at 47.) But because neither party has specifically addressed the precise amount of Plaintiff's indebtedness, the Court will assume the lower amount for the purposes of this Order.

4

the Note. (ECF No. 33-1, at 35, 36.)

Defendants have filed many motions to dismiss in response. Although their arguments run the gamut, three main themes emerge from their filings. First, Defendants complain that the scattershot, inscrutable nature of Plaintiff's pleadings run afoul of Federal Rule of Civil Procedure 8. Second, Defendants argue that Plaintiff lacks standing to challenge the foreclosure sale because Plaintiff has alleged only the separation of Note from the Deed of Trust and the fact that some notes were endorsed in blank. Neither of these allegations, if true, would render the assignments at issue void, rather than voidable. Finally, Defendants claim that Plaintiff's failure to tender the full amount of the outstanding debt precludes him from claiming wrongful foreclosure. For these reasons, Defendant ask that Plaintiff's ex parte motion be denied, and that his FAC be dismissed in full.

**II.     Legal Standards**

Because the present dispute comes before the Court upon motions to dismiss under Rule 12, and a motion for injunctive relief, i.e., Plaintiff's ex parte motion to set aside, the Court finds it expedient to survey the applicable legal standards. Furthermore, because Defendants have challenged the clarity of Plaintiff's filings, the Court will discuss the requisite pleading standards under Rule 8 as well.

**A. Rule 8**

As the Court previously detailed in its December 6, 2018 Order, which granted Plaintiff leave to file a first amended complaint, (ECF No. 29), Plaintiff is beholden to the dictates of Rule 8. Rule 8(a)(2) requires that pleadings that state a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Complaints that are too confusing and prolix to "perform the essential functions of a complaint" are subject to dismissal under Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was

5

18-CV-2551-GPC-JLB

"argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that was confusing and conclusory). Although the pleadings of pro se plaintiffs are liberally construed, the basic pleading requirements of Rule 8 apply to self-represented and counseled plaintiffs alike. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)*; Wynder v. McMahon*, 360 F.3d 73, 79 n. 11 (2d Cir. 2004).

### B. Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the complaint as not containing sufficient factual allegations to state a claim for relief. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this respect, "[d]ismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion." *Intri-Plex Techs., Inc. v. Crest Grp.*, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007). However, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted); *see also United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).

**C. Injunctive Relief**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Def. Council*, 555 U.S. 7, 24 (2008). The "grant of a preliminary injunction is a matter committed to the discretion of the trial judge[.]" *Evans v. Shoshone-Bannock Land Use Policy Comm'n*, 736 F.3d 1298, 1307 (9th Cir. 2013). District courts exercise their discretion according to a four-factor test mandated by traditional principles of equity. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The test requires a plaintiff to demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the plaintiff's favor, and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20.

### III. Motions to Dismiss the FAC

#### A. Failure to Plead with Clarity, Brevity, and Specificity

Defendants have recommended the Court dismiss Plaintiff's FAC for being irredeemably incomprehensible and muddled. Besides being unclear, Plaintiff's FAC stands accused of failing to "perform the essential functions of a complaint" as required by Rule 8. *McHenry*, 84 F.3d at 80.

Defendants complain that Plaintiff's pleadings do not distinguish between the many defendants sued, contain nothing but cursory allegations, and lack cognizable claims. They point out that Plaintiff has painted with exceedingly broad strokes, articulating claims of fraud and misrepresentation against all named defendants without delineating the particulars of who was engaged in wrongdoing, at what point, and through what means. For example, Defendants Strategic Acquisitions and Magnum point out that besides a few background-historical mentions of their names in Plaintiff's FAC, they are not otherwise implicated in any of the alleged wrongdoing, since neither was a trustee, beneficiary, or owner of the Loan. (*See* ECF No. 37-2, at 4.) Defendants Ally and General Motors mount similar objections, arguing that there were no allegation in the FAC which ties them to any conduct that is alleged to have resulted in injury to Plaintiff. (ECF No. 36-1, at 2; ECF No.

38-1, at 4.)

The Court agrees with Defendant that Plaintiff has manifestly defaulted on his responsibility to comply with Rule 8. Despite the Court's entreaties for Plaintiff to file his an amended complaint with Rule 8 in mind (*see* ECF No. 29, at 4), Plaintiff has produced a FAC that largely mirrors the unruly, disjointed, and confusing pleading he submitted as his original complaint. Such a complaint defies Rule 8's demand for a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2); *see also Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 276–77 (11th Cir. 2008) (holding that a pro se complaint which was "disjointed, repetitive, disorganized and barely comprehensible" was correctly dismissed because such a pleading did not articulate claims with sufficient clarity to allow defendant to frame a responsive pleading). Put another way, by submitting imprecise and sprawling claims, Plaintiff effectively "calls on the court to disentangle and interpret his allegations." *Kuzmicki v. Hanrahan*, No. 317CV00342RCJVPC, 2018 WL 2088745, at *6 (D. Nev. May 4, 2018), *report and recommendation adopted*, No. 317CV00342RCJVPC, 2018 WL 3577246 (D. Nev. July 25, 2018). This the Court is loath to do. *See Jacobson v. Schwartzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005) ("[N]either the Court nor opposing counsel should be required to expend time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange." (*Silver v. Queen's Hosp.*, 53 F.R.D. 223, 226–27 (D. Haw. 1971)).

Indeed, the Court finds Defendants' proffered analogy to *Herrejon v. Ocwen Loan Servicing, LLC*, quite apt. 980 F. Supp. 2d 1186 (E.D. Cal. 2013). In that case, the district court dismissed the complaint under Rule 8 because, like the FAC in this case, it "lacks facts of defendants' specific wrongdoing to provide fair notice as to what each defendant is to defend . . . . rests on overbroad conclusions that defendants are prohibited to foreclose on the property . . . . makes passing conclusions without supporting facts . . . . [and] lumps defendants . . . together and fails to distinguish adequately claims and alleged wrongs among defendants." *Id.* at 1196–97. As observed in *Herrejon*, "[s]pecific identification

8

of the parties to the activities alleged by the plaintiffs is required . . . to enable the defendant to plead intelligently." *Id.* (quotation marks and citation omitted).

Upon review of the FAC, the Court finds that Plaintiff failed to connect the alleged wrongful acts to the specific wrongdoer, and has pleaded allegations of fraud and deception only in the most general of terms. In doing so, Plaintiff has run roughshod not only over Rule 8, but also Rule 9(b), which requires Plaintiff to state fraud claims to include "the who, what, when, where, and how" of the alleged misconduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). The dearth of specific, clearly-defined allegations against each defendant is sufficient to warrant dismissal of the action. In addition to these fatal pleading deficiencies, Plaintiff's claims are premised on legally-untenable theories and are subject to dismissal on the merits, as discussed below.

## B. Allegations Regarding Invalidity of Transfers and Assignments

Even if the Court were to assume the arduous task of "disentangl[ing] and interpret[ing Plaintiff's] allegations," *Kuzmicki*, 2018 WL 2088745, at *6, those allegations would fail under Rule 12(b)(6). As far as the Court can discern, Plaintiff posits three theories for why the foreclosure sale should be set aside.

First, Plaintiff argues that there has been a separation of the Note and the Deed of Trust, the occurrence of which precludes any valid foreclosure attempt. (ECF No. 33-1, at 7.) Second, Plaintiff contends that irregularities in the transfer of the Note made the transfers ineffectual. (*Id.* at 8, 12, 14.) Third, Plaintiff suggests that by failing to produce the Note upon request, Defendants have violated RESPA, FDCPA, and committed fraud. (*Id.* at 29–31.) At their core, all three allegations rest on Plaintiff's belief that he has a right to demand the Note holder to produce the actual copy of the Note, and that the Note is indispensable to a valid foreclosure sale.

Defendants hotly contest not only the legal basis for Plaintiff's arguments, but also dispute that he has standing to bring a wrongful foreclosure claim in the first place. Defendants point out that under California law, a borrower lacks standing to challenge an assignment unless the alleged defect would render the assignment voidable, not void. *See*

*Yvanova v. New Cent. Mortgage Corp.*, 62 Cal. 4th 919, 923 (2016); *see also* 7 Cal. Jur. 3d (2012) Assignments § 43 ("Where an assignment is merely voidable at the election of the assignor, third parties, and *particularly the obligor*, cannot avoid the obligation or successfully challenge the validity or effectiveness of the transfer." (emphasis added)). They argue that, although Plaintiff bears the burden of pleading that a defect in assignment renders the assignment void, *Saterbak v. JP Morgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814 (2016), Plaintiff has failed to plead any cognizable theory under which the assignments in question would be void.

### 1. Whether Plaintiff Lacks Standing

Plaintiff asserts that NewRez, the entity that caused Quality Loan as Trustee to initiate non-judicial foreclosure, lacked the requisite beneficial interest in the Loan. Allegations of this sort—i.e., "that the entity on whose behalf foreclosure proceedings are initiated lacks any legal interests in the property,"—have generally given rise to standing "'where the specific facts alleged in the complaint, taken as true as at the pleading stage, demonstrate a failure to effect a valid transfer for a beneficial interest in a manner that renders void the initiation of nonjudicial foreclosure.'" *Sato v. U.S. Bank Trust N.A.*, No. CV 13-08469 MMM (MRWx), 2014 WL 12589339, at *7 (C.D. Cal. Mar. 20, 2014) (quoting *Mena v. JP Morgan Chase Bank, N.A.*, No. 12-1257 PSG, 2012 WL 3987475, at *3 (N.D. Cal. Sept. 7, 2012)). Thus, the question becomes whether Plaintiff has sufficiently alleged that a void transfer occurred.

### 2. Separation of the Note from the Deed of Trust

Plaintiff's first argument for the invalidity of Defendants' assignments rests on his assertion that the Note and Deed of Trust are inseparable, and that Defendants must produce the actual Note in order to foreclose. (*See* ECF No. 33-1, at 7.) For this proposition, Plaintiff leans on the common law rule recited by the Ninth Circuit in *In re Veal*, 450 B.R. 897, 916 (9th Cir. 2011) ("The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." (quoting *Carpenter v. Longan*,

83 U.S. 271, 274–75 (1875)).

Poignantly, courts have repeatedly rejected the contentions advanced by Plaintiff. As stated by the Court of Appeals in *Debrunner*, California's comprehensive non-judicial foreclosure statute, Cal. Civ. Code § 2924, "does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale," and accordingly, the separation of the note and deed of trust does not prevent a party from concluding a non-judicial foreclosure sale. *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 441 (2012) (quoting *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1098 (E.D. Cal. 2010)). Nor is there a rule prohibiting the separation of the Note from the Deed of Trust. On the contrary, both California courts and federal courts interpreting California law have concluded that nothing "precludes foreclosure when the foreclosing party does not possess the original promissory note." *Id.* at 440.

Because a "party need not possess [the] promissory note to foreclose," there is no reason to credit Plaintiff's assertion that the assignments are void for want of the Note. *Robertson v. Citibank, NA*, 713 F. App'x. 612, 613 (9th Cir. 2018) (unpublished) (citing *Debrunner*, 204 Cal. App. 4th at 440). Nor is there any legal basis for Plaintiff's contention that the alleged separation of the Note and the Deed of Trust poses a bar to foreclosure on the subject property.

### 3. Irregularities in the Transfer of the Note

Plaintiff also argues that missing endorsements in the chain of transfer of the Note vitiate Defendants' ability to legally foreclose on his property. This argument does not long detain the Court.

As previously discussed, there is no requirement that the foreclosing entity be in possession of the note. *Gamboa v. Trustee Corp.* No. 09-0007 SC, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009) ("[T]he statutory framework governing non-judicial foreclosures contains no requirement that the lender produce the original note to initiate the foreclosure process."). On the contrary, foreclosure is proper when there is a valid chain of assignments of the Deed of Trust, and the beneficiary thereunder (or the trustee),

initiates foreclosure proceedings. CAL. CIV. CODE § 2924(a)(6) ("No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest.").

Here, Plaintiff cursorily alleges that NewRez does not have the right to initiate foreclosure (nor the right to direct Quality Loan to foreclose and sell the property) because the Note was not properly endorsed. But, these allegations are directly contradicted by judicially-noticed documents which show that the Deed of Trust was properly assigned— from MERS to GMAC Mortgage, LLC, from GMAC Mortgage, LLC to Ocwen Loan Servicing, LLC, from Ocwen to Residential Credit Solutions, Inc. to Ditech Financial LLC, from Ditech to NewRez. *See Gamboa*, 2009 WL 656285, at *4 (rejecting borrower's assertion that a beneficiary was not the holder of a properly-endorsed note because record documents demonstrated an unbroken chain of assignments of the Deed of Trust concluding with the foreclosing party). Plaintiff's conclusory assertion that NewRez was not a beneficiary entitled to foreclose, then, cannot be heeded in light of facts which the Court could properly judicially notice. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (courts need not accept as true allegations that "contradict matters properly subject to judicial notice")

Furthermore, Plaintiff's argument vis-à-vis the blank endorsements on the Note fails for an additional reason: even assuming that the Note was necessary to foreclose (it is not), the blank endorsements of which Plaintiff complains do not render the Note ineffective. On the contrary, California permits endorsements to be made in blank. *See* Cal. Comm. Code § 3205 (providing that endorsements may either be addressed to an "identified person" or "indorsed in blank"). Given their clear permissibility, courts have rejected challenges to foreclosures based on the purported impropriety of Notes which have been transferred by way of blank endorsements. *See, e.g.*, *In re Smith*, 509 B.R. 260, 261–66 (Bankr. N.D. Cal. 2014.)

### 4. Allegations of fraud and noncompliance with RESPA and FDCPA

Finally, Plaintiff argues that the assignments are void because Defendants have violated RESPA, FDCPA, and committed fraud during the course of their interactions with Plaintiff. The precise contours of Plaintiff's pleadings are somewhat hazy, but they appear to allege that Defendants' various letter communications about the Note were unsatisfactory, false, or misleading.

With respect to the RESPA and FDCPA allegations, Plaintiff has defaulted on his obligation to prove that violations of either statute would render an assignment void. With respect to the former, the RESPA statute disclaims that wrongdoing thereunder may constitute grounds for setting aside a foreclosure sale. *See* 12 U.S.C. § 2615 ("Nothing in this Act shall affect the validity or enforceability of any sale or contract for sale of real property or any loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan."). And courts have remarked upon the dearth of authority for the proposition that noncompliance with RESPA may render an instrument void. *See Allen v. United Financial Mortg. Corp.*, No. 09-2507 SC, 2010 WL 1135787, at *5 (N.D. Cal. Mar. 22, 2010).

Plaintiff's invocation of the FDCPA is also off the mark because, as the Ninth Circuit has recognized, "actions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect a 'debt' as that term is defined by the FDCPA." *Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2017). Because Plaintiff's purported FDCPA claim rests on attempts to collect on his mortgage, and the subsequent foreclosure of his property, Plaintiff has failed to allege facts sufficient to show defendants engaged in debt collection activity. *See* 15 U.S.C. 1692(a)(5), (6); *see also Banares v. Wells Fargo Bank, N.A.*, No. C-13-4896 EMC, 2014 WL 985532, at *9 (N.D. Cal. Mar. 7, 2014) (holding that the plaintiff's claim for wrongful collection of mortgage payments "fails as a matter of law because 'foreclosing on real property under a deed of trust is not an act to collect debt, as contemplated under the FDCPA.'" (quoting *In re Nordeen*, 495 B.R. 468, 488 (B.A.P. 9th Cir. 2013)).

Plaintiff's assertion of fraud fares no better. Plaintiff appears to claim that his foreclosure occurred as a result of misleading and deceptive letters issued by Defendants. This claim is doomed for two independent reasons. First, as discussed *supra*, Plaintiff has failed to plead fraudulent activity with the specificity demanded by Rule 9(b). Assuming counterfactually that Plaintiff is not halted by the Rule 9(b) bar, Plaintiff has not sufficiently pleaded the elements of fraud. "The necessary elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1266, 1239 (2016). Here, the Plaintiff has failed to identify any damage resulting from Defendants' alleged fraudulent representations, and the Court cannot contemplate how he might go about doing so.

Plaintiff became in default of his loan obligations in 2012, but asserts injury arising out of Defendants' responses to Plaintiff's questions regarding his Loan. To the best of the Court's knowledge, the earliest of Plaintiff's inquiries was submitted on August 30, 2013. (*See* ECF No. 33, at 37 (Letter from Cal-Western Reconveyance LLC, identifying Plaintiff's "August 30, 2013 correspondence").) Given that any fraudulent representations would have taken place *after* Plaintiff's default, the Court cannot see how any of the Defendants' alleged actions could have caused Plaintiff any damages. *See Banares*, 2014 WL 985532, at *7 ("Plaintiff alleges that she suffered damages as a result of Defendants' 'illegal and fraudulent foreclosure activities,' but does not allege how Wells Fargo's response to the questions regarding her Loan servicing would have helped her avoid foreclosure, especially since Plaintiff was already in default prior to ending the letter.").

### 5. Conclusion as to Standing

"A third party to an assignment lacks standing to challenge its effectiveness unless the assignment is void, as opposed to voidable." *Banares,* 2014 WL 985532, at *3. Here, Plaintiff has failed to allege sufficient facts and legal theories would render the assignments in this case void. As such, the Court concludes that Plaintiff lacks standing to pursue his

claims.

### C. Failure to Tender

In any event, dismissal of Plaintiff's FAC is overdetermined. Even if the Court were to assume that Plaintiff had standing, his failure to tender the amount of his indebtedness would doom his case.

As Defendants point out, a defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996). "The tender rule requires a plaintiff to (1) 'demonstrate a willingness to pay' and (2) 'show the ability to pay.'" *Farah v. Wells Fargo Home Mortgage*, No. 5:13-cv-01127-PSG, 2014 WL 261562, at *2 (Jan. 23, 2014 (quoting *In re Worcester*, 811 F.2d 1224, 1231 (9th Cir. 1987)). "The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs." *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1022 (1989).

Plaintiff has not made any offer to tender the amount still owing on the Loan. His failure to tender the amount of his indebtedness is yet another reason why his claims cannot prevail.

### D. Conclusion as to the Motions to Dismiss

In sum, Plaintiff's FAC fails for three independent reasons: it verges on the incomprehensible, alleges facts that do not suffice to give him standing to mount a claim for wrongful foreclosure, and is subject to dismissal for want of tender. As such, Defendants' motions to dismiss are **GRANTED**. This dismissal is *without prejudice* and Plaintiff may amend his pleading if he is inclined to cure deficiencies noted in this Order. Plaintiff is warned, for the second time, that a failure to comply with the strictures of Rule 8 may result in the dismissal of his case.

### IV. Plaintiff's Ex Parte Motion

Because Plaintiff's FAC was insufficient to survive a motion to dismiss for failure

to state a claim, Plaintiff's ex parte motion to set aside the foreclosure sale—which was predicated on substantially identical arguments—necessarily fails to show a strong likelihood of success of the merits. *See Doe v. Fed. Dist. Court.*, 467 F. App'x 725, 728 (9th Cir. 2012) (unpublished) (underlying the logical relationship between a complaint detained by Rule 12 and a request for preliminary injunction based on the same). Plaintiff's Ex Parte Motion is **DENIED**.

V. **Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiff's ex parte motion, (ECF No. 13), and **GRANTS** Defendants' motions to dismiss (ECF Nos. 36, 37, 38, 40, 42) with leave to amend. If Plaintiff seeks to avail himself of the opportunity to file a Second Amended Complaint, he must do so within <u>30 days of the entry of this order</u>. Any such filing must address the deficiencies outlined in this Order. The motion hearing set for March 15, 2019 at 1:30 PM is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: March 11, 2019

Hon. Gonzalo P. Curiel
United States District Judge